# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

EVERETTE E. HOWARD,

          Petitioner,          :    Case No. 3:17-cv-15

    - vs -                      District Judge Thomas M. Rose
                                Magistrate Judge Michael R. Merz

WARDEN, London Correctional
Institution

                         :

          Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 18) to the Magistrate Judge's Report and Recommendations on the merits ("Report," ECF No. 13). Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 19) and the Warden has responded to the Objections as permitted by Fed. R. Civ. P. 72 (ECF No. 20).

The Petition pleads four Grounds for Relief. In his Objections, Petitioner repeats the heading "Objection" thirteen times (ECF No. 18, PageID, 1196, 1198, 1199 (twice), 1200 (twice), 1201, 1203, 1208, 1212, 1214 (twice), and 1217). Except for the last of these, which is labeled as being about Ground Three, all the other objections appear to relate to Ground One.

**Ground One:**

The First Ground for Relief reads:

> **Ground One:** The trial court erred in allowing the prosecution to continuously lead witnesses through improper comment and as a result, Howard did not receive a fair trial.
>
> **Supporting Facts:** The Prosecutor's use of leading questions and providing details and answers to the questions asked to the witness, because the vague inconclusiveness testimony of the witnesses, force fed testimony. Trial counsel failed to object to State's repeated leading. Trial counsel failed to move for mistrial. Appellate counsel failed to argue trial counsel faile [d] to object to State's continuous use of leading questions and failed to move for mistrial.

(Petition, ECF No. 1.)

The Report analyzed this Ground for Relief as being about trial court error in permitting leading questions (ECF No. 13, PageID 1177-83). It concluded that claim was procedurally defaulted because, although all evidence needed to adjudicate the claim was on the record, the claim had not been raised on direct appeal and the Second District Court of Appeals found it was barred by Ohio's criminal res judicata doctrine when Howard tried to raise it in his 26(B) application. *Id.*

Howard objects that Ground One is really about prosecutorial misconduct in that the prosecutor continued to ask damaging leading questions after the trial judge made a ruling (under Ohio R. Evid. 611) to prohibit such questions. This argument is repeated in several different ways throughout the first twenty-five pages of the Objections.

On its face, Ground One complains of trial court error ("the trial court erred"), prosecutorial misconduct, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel. Those are different constitutional theories of relief. The first three of them are capable of being raised on direct appeal, but none of them were raised on direct appeal. Howard's two assignments of error on direct appeal were "The Appellant's convictions were against the manifest weight of the

evidence" and "The evidence was insufficient to support Appellant's convictions." (Appellant's Brief, State Court Record, ECF No. 4, PageID 63.) There is no mention of trial court error in allowing any leading questions. Nor is there any mention of prosecutorial misconduct of ineffective assistance of trial counsel.

A claim of ineffective assistance of appellate counsel can only be raised in one way in the Ohio courts, to wit, by an application to reopen the direct appeal under Ohio R. App. P. 26(B). *Tate v. Murnahan*, 63 Ohio St. 3d 60 (1992). Conversely, ineffective assistance of appellate counsel is the only kind of claim that can be raised in a 26(B) Application. Because claims of ineffective assistance of appellate counsel are based on an analytically distinct legal theory from the underlying claims, the 26(B) application does not preserve the underlying claims from default. *Scott v. Houk*, 760 F.3d 497, 505 (6th Cir. 2014); *Davie v. Mitchell*, 547 F.3d 297 (6th Cir. 2008)(Rogers, J.), and *Garner v. Mitchell*, 502 F.3d 394 (6th Cir. 2007)(Moore, J.), both citing *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005); *Moore v. Mitchell*, 531 F. Supp. 2d 845, 862 (S.D. Ohio 2008)(Dlott, J.); *see also Bailey v. Nagle*, 172 F.3d 1299, 1309 n. 8 (11th Cir. 1999); and *Levasseur v. Pepe*, 70 F.3d 187, 191-92 (1st Cir. 1995).

In his 26(B) Application, Howard asserted he received ineffective assistance of appellate counsel because his direct appeal attorney did not include the following assignment of error related to Ground One: "The trial court erred in allowing the prosecution to continuously lead witnesses through improper comment and as a result, Howard received an unfair trial." (26(B) Application, State Court Record, ECF No. 4, at PageID 147.) The only federal constitutional question this claim presented to the Second District was the question of whether it was ineffective assistance of appellate counsel to fail to include this claim in the direct appeal.

On its face, this claim is about trial court error, not prosecutorial misconduct. In the body of the argument, the attorney who represented Howard in the 26(B) Application, also claimed

that without the evidence elicited by leading questions, there was insufficient evidence to convict. *Id.* at PageID 152. He continued by accusing trial counsel of providing ineffective assistance by not objecting and by not moving for a mistrial. *Id.*. He concluded by asserting direct appeal counsel provided ineffective assistance of appellate counsel when he did not raise these two claims of ineffective assistance of trial counsel on direct appeal. *Id.*

As it relates to the leading questions issue, the Second District decided that the issue had been raised on direct appeal "in the context of a sufficiency-of-the-evidence argument." It noted that it had held there was no prejudicial error from either the repeated leading questions or from trial counsel's failure to object (*State v. Howard*, Appellate Case No. 26360 (2nd Dist. Feb. 22, 2016)(unreported; copy at SCR, ECF No. 4, PageID 211, et seq.). It further held that, because the issues were raised on direct appeal, Ohio's res judicata doctrine forbade relitigating them.

The Second District's decision on Howard's 26(B) application amounts to this: the leading questions issue was raised on direct appeal as part of a sufficiency of the evidence claim. Having proceeded in that way, Howard was not permitted to go back and relitigate it as a trial court error claim or a trial counsel ineffectiveness claim or a prosecutorial misconduct claim. Because the Second District relied on res judicata and the Sixth Circuit has repeatedly held that res judicata is an adequate and independent state ground of decision, Howard's First Ground for Relief should be dismissed with prejudice.

**Grounds Two and Four**

Howard makes no objection to the Report's recommended dismissal of Grounds Two and Four.

**Ground Three: Ineffective Assistance of Counsel: Failure to Raise Ineffective Assistance of Trial Counsel for Failure to Move for Recusal of the Trial Judge**

In his Third Ground for Relief, Mr. Howard complains that his trial counsel provided ineffective assistance of trial counsel when he did not move to recuse the trial judge and he received ineffective assistance of appellate counsel when his appellate attorney did not complain of this defect in trial representation. The Second District denied relief because Howard was relying on unauthenticated documents that were not part of the record

Howard claims that the facts he relies on for recusal are a matter of public record, but not that they were anywhere in the record on direct appeal (Traverse, ECF No. 12, PageID 1170). Because that is an adequate and independent state procedural ground of decision, the Report recommended this claim be dismissed as procedurally defaulted.

In his Objections, Howard does not claim that those facts are in the record on direct appeal. Instead, he seeks to expand the record and have an evidentiary hearing on these facts. However, this Court cannot consider, in deciding whether the Second District decision was in error on this point, evidence that was not before the Second District. *Cullen v. Pinholster,* 563 U.S. 170 (2011). In any event, Howard concludes by saying this "is an issue for the public" and proclaims his intent to share the issue with several national news outlets (Objections, ECF No. 18, PageID 1217). He is, of course, free to do so.

**Conclusion**

Having reconsidered the case in light of Mr. Howard's Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because

reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 20, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).