**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

EVERETTE E. HOWARD,

                    Petitioner,          :    Case No. 3:17-cv-15

      - vs -                      District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

JEFFREY NOBLE, Warden,
  London Correctional Institution,

                              :
                Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court on Petitioner's Motions for a Certificate of Appealability (ECF Nos. 33, 34). These two Motions are verbatim copies of one another. References herein, therefore, will be to the last filed Motion, ECF No. 34.

Because the Court has entered judgment in this case, these two Motions are post-judgment and deemed referred to the Magistrate Judge for report and recommendations under Fed. R. Civ. P. 72(b)(3).

As is required by Rule 11 of the Rules Governing § 2254 Cases, the District Court denied a certificate of appealability when entering judgment denying the Petition. Because the Court has already denied a certificate of appealability, Howard must obtain relief from that judgment. His Motion was filed too late to be considered under Fed. R. Civ. P. 59(e); motions under that Rule must be filed not later than twenty-eight days after judgment, and the instant Motion not signed and deposited in the mail until November 20, 2017, forty-seven days after judgment was entered.

1

The other avenue for relief from judgment is under Fed. R. Civ. P. 60(b)(1) for mistake of law by the Court. The instant Motion will therefore be considered under Rule 60(b)(1).

Howard argues that "jurists of reason would find it debatable whether the District court was correct in its procedural ruling "when the courts ruled on a procedural defaulted State claim that was not up for review." (ECF No. 34, PageID 1279). The claim in question is apparently Howard's claim that he received ineffective assistance of appellate counsel when his appellate attorney did not raise a claim of prosecutorial misconduct relating to the prosecutor's leading of victim/witness K.R. *Id.*

This claim was raised in Howard's First Ground for Relief. In denying Howard's Application under Ohio R. App. P. 26(B), the Ohio Second District Court of Appeals found the claim was barred by Ohio's criminal res judicata rule because the leading question issue had been raised on direct appeal as part of or a sub-issue of Howard's insufficiency of the evidence claim (See Supplemental R&R, ECF No. 21, PageID 1230). In support of his request for a certificate of appealability, Howard now claims "Reasonable jurist [sic] can debate that the District court was wrong in it's [sic] procedural ruling, when the District court made the procedural ruling on insufficiency instead of Prosecutor Misconduct." (ECF No. 34, PageID 1280). But the Court did neither. Instead, it concluded the Second District had disposed of this claim on an adequate and independent state ground of decision, to wit, res judicata. The Sixth Circuit has repeatedly held that Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir.

2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Howard has not shown reasonable jurists could debate the Court's conclusion on this point. He has not cited any opinion of any judge finding that Ohio's res judicata doctrine is not an adequate and independent state ground of decision.

Howard's underlying claim is that the Second District Court of Appeals was objectively unreasonable in applying res judicata to avoid deciding the ineffective-assistance-of-appellate-counsel-for-failure-to-raise-prosecutorial-misconduct claim (ECF No. 34, PageID 1283). But Howard also provides no authority, which would have to be from Ohio law, that the Second District misapplied Ohio res judicata law.

Howard further criticizes this Court for not properly applying *Strickland v. Washington,* 466 U.S. 668 (1984), to the question of prosecutor misconduct. *Id.* *Strickland* does not apply directly to issues of prosecutor misconduct, but only to the issue of whether a criminal defendant received ineffective assistance of counsel from his own attorney. Howard claims his appellate attorney provided deficient performance when he raised an insufficiency of the evidence claim on direct appeal, instead of a prosecutorial misconduct claim. But the gist of this Court's ruling on Howard's First Ground for relief is that that claim is barred, as the Second District held, by res judicata.

Petitioner does not appear to understand how hard it is to win a prosecutorial misconduct claim. On habeas review, "the relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181, 91 L. Ed. 2d 144, 106 S. Ct. 2464 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 40 L. Ed. 2d 431, 94 S. Ct. 1868 (1974)). "Even if the

prosecutor's conduct was improper or even universally condemned, we can provide relief only if the statements were so flagrant as to render the entire trial fundamentally unfair." *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). While leading questions are disfavored by the Rules of Evidence, it is sometimes necessary to lead a witness, particularly a minor, to get the testimony at all. In any event, Howard has not pointed to any part of the leading here which would have made the trial fundamentally unfair. Adults who sexually abuse children, particularly those of tender years (i.e., under thirteen) run the risk that their victims may have to testify in response to leading questions. And as far as this Court is aware, the Supreme Court has never held that asking leading questions of a young witness[1] renders a trial fundamentally unfair.

Howard also complains of this Court's decision on the merits of his Second Ground for Relief, ineffective assistance of appellate counsel for failure to object to a defective indictment, a claim he also raised in his 26(B) Application and which the Second District rejected because it found the indictment was not defective. Howard makes no new argument on this claim, nor does he point to any reasonable jurist who has resolved the claim in a different way.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Court deny Howard's instant Motion (ECF Nos. 33 & 34), construed as a motion for relief from judgment.

Howard is reminded that the pendency of this Motion does not affect his time to appeal. On Howard's Motion, the Court has extended that time to December 12, 2017, but it lacks authority to grant any further extensions.

---

[1] In his instant Motion, Howard also complains of leading questions put to an expert witness. No such claim is made in the Petition.

Howard is also notified that, if this Court continues to deny him a certificate of appealability, he must apply directly for that relief from the Sixth Circuit if he timely appeals.

December 1, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).