# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

EVERETTE E. HOWARD,

                Petitioner,        :      Case No. 3:17-cv-15

    - vs -                         District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

WARDEN, London Correctional
Institution

                            :

                Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

       This case is before the Court on Petitioner's Objections (ECF No. 36) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 35). District Judge Rose has recommitted the matter for reconsideration in light of the Objections (ECF No. 38).

       While Petitioner has filed a Notice of Appeal (ECF No. 37), the Notice does not deprive this Court of jurisdiction to consider the Objections since they are in aid of the appeal, being related to the certificate of appealability issue.

       The Objections are actually entitled "Objection to the Liberal Consturction *sua sponte* by the District Judge of COA to (60(b))."

       Petitioner correctly states that Judge Rose in his Decision denying the writ of habeas corpus also denied Howard a certificate of appealability (Decision and Entry, ECF No. 29, PageID 1261). This Decision was entered October 4, 2017, and was accompanied by the Clerk's Judgment dismissing the case with prejudice (ECF No. 30).

1

Petitioner claims he then filed a "C.O.A. reconsideration" which "the District Court clearly and erroneously construed the C.O.A. out of the favor of petitioner, to a Fed. R. Civ. P. 60(b)(1) motion at which petitioner does not challenge that defense." (Objections, ECF No. 36, PageID 1293. He also claims that the District Court failed to comply with 28 U.S.C. § 2253(c)(2) and (3). Finally he asserts that "[t]he district court must construe as a motion for reconsideration of C.O.A." *Id.,* citing *Sanborn v. Parker*, 2007 U.S. Dist. LEXIS 32542 (W.D. Ky. Feb. 14, 2007).

Howard has not read *Sanborn* thoroughly enough. There the petitioner moved, one month after judgment, to expand the certificate of appealability granted by the District Court. Judge Coffman found that motion was "tantamount to moving this Court to reconsider the denial of his COA." *Id.* at *5. She went on to hold that "[a] motion for reconsideration is construed as a motion to alter or amend pursuant to Fed. R. Civ. P. 59(e)." *Id.* Sanborn, however, had filed his motion to expand after the mandatory deadline for filing Rule 59(e) motions. Judge Coffman then held "[w]here a party's Rule 59 motion is not filed within the mandatory 10-day period, however, it is appropriate to consider the motion as a motion pursuant to Rule 60 for relief from judgment." *Id.* at *6.

That is exactly what happened here. Howard filed his Motion for Certificate of Appealability by depositing it in the prison mail system on November 20, 2017, forty-seven days after judgment (Report, ECF No. 35, PageID 1288.) Recognizing that fact, the Magistrate Judge did exactly what Judge Coffman recommends in *Sanborn*: construing the motion as being made under Fed. R. Civ. P. 60(b). *Id.* at PageID 1289. If, however, Howard insists on having his Motion considered as a motion for reconsideration, it must be denied as untimely; the district court has no power to modify the time limit on Rule 59(e) motions for reconsideration.

Some relevant rules have changed since *Sanborn*. First of all, the ten-day limit on motions to amend the judgment under Fed. R. Civ. P. 59(e) has been extended to twenty-eight days. Howard was, as noted, nineteen days late on that deadline. Moreover, the practice on district court consideration of a motion for certificate of appealability has changed. At the time of *Sanborn* in 2007, it was not uncommon to wait until after judgment on the merits to consider a certificate of appealability. However, on December 1, 2009, the Supreme Court adopted Rule 11 of the Rules Governing § 2254 Cases which requires a district court, to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." That is precisely what Judge Rose did in his Decision and Entry (ECF No. 29 at PageID 1261.)

The Report treats Howard's request for a certificate of appealability on the merits and finds no merit to it, i.e., that he had not shown reasonable jurists would disagree with this Court's decision (Report, ECF No. 35, PageID 1289-91. He now makes no objection to that conclusion and the Magistrate Judge therefore stands by his prior recommendation that Howard not be granted relief from judgment to grant a certificate of appealability. Howard now must apply to the Court of Appeals for a certificate of appealability.

**Conclusion**

In accordance with the foregoing analysis, Petitioner's Motion for Certificate of Appealability (ECF No. 34) should be denied as untimely if it is construed as he requests or denied as without merit as recommended in the Report (ECF No. 35). In either event because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability on the Court's ruling on the referenced Motion and the Court should

certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 15, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).